UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMEAKA ELLIS,<br><br>        Petitioner,<br><br>   v.<br><br>PATRICK EATON,<br><br>        Respondent. | No.  1:20-cv-00691-KES-HBK (HC)<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Demeaka Ellis ("Petitioner"), a state prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 30, 2020.  (Doc. No. 1, "Petition").  The Petition asserts a single claim: "Petitioner was denied due process of law at a prison disciplinary hearing resulting in loss of liberty good time [credits]."  (*Id*. At 4).  Respondent filed an Answer on September 17, 2020, and Petitioner filed a Traverse on October 7, 2020.  (Doc. Nos. 18, 20).

Federal courts have an independent duty to consider their own subject-matter jurisdiction.  Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies.  *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for*

*Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted).  To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought."  *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland,* 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Petitioner asks the Court to "order respondent to show cause why the guilty finding of the hearing officer should not be expunged since such occurred in violation of Petitioner's due process rights."  (Doc. No. 1 at 4).  On March 27, 2024, the Court's March 14, 2024 Order reassigning the case was returned as "undeliverable, absconded from parole."  (*See* docket).  The Court's *sua sponte* search of the CDCR CIRIS database indicates that Petitioner is not currently in CDCR custody.[1]  Because it appears that Petitioner has been released from custody, the Court must first determine whether this action is moot before considering its merits.

Accordingly, it is **ORDERED**:

Within **fourteen (14) days** from the date of this Order, Respondent shall submit supplemental briefing to address whether this action is moot as a result of Petitioner's release from custody.

Dated: April 5, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* CDCR California Incarcerated Records and Information Search (CIRIS) https://apps.cdcr.ca.gov/ciris/ (last visited April 5, 2024).  The Court may take judicial notice of information on official government websites.  *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).