UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMEAKA ELLIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PATRICK EATON,<br><br>　　　　　Respondent. | Case No.   1:20-cv-00691-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS MOOT<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

　　　　Petitioner Demeaka Ellis, a former state prisoner, initiated this action on April 30, 2020 by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the loss of good time credit stemming from a disciplinary hearing. (Doc. No. 1, "Petition"). On March 27, 2024, the Court's March 14, 2024 Order reassigning the case was returned as "undeliverable, absconded from parole." (*See* docket). On April 8, 2024, the Court ordered Respondent to submit supplement briefing addressing whether the action is moot as a result of Petitioner's release from custody. (Doc. No. 25). On April 17, 2024, Respondent filed a supplemental brief arguing that the Court should dismiss the Petition as moot because Petitioner was released to parole and has not established collateral consequences to his prison disciplinary proceedings. (Doc. No. 27). For the reasons set forth below, the undersigned recommends the district court dismiss the Petition because Petitioner's subsequent release from custody moots the Petition.

# I. BACKGROUND

The Petition sets forth one ground for relief: Petitioner's due process rights were violated in connection with a 2018 prison disciplinary hearing conducted while he was incarcerated at Sierra Conservation Center ("SCC"). (*See generally* Doc. No. 1; Doc. No. 27 at 2). At the disciplinary hearing it was determined that Petitioner was guilty of possession of a deadly weapon, and Petitioner was sanctioned with 360 days of credit loss. (Doc. 1 at 21-30; Doc. No. 27 at 2). On September 17, 2020, Respondent filed an Answer arguing the Petition failed to state any grounds for federal habeas relief. (Doc. No. 18). On October 7, 2020, Petitioner filed a Traverse requesting that the Court vacate the disciplinary finding and "reinstate" his lost good time credits. (Doc. No. 20).

On January 20, 2024, Petitioner was paroled from Mule Creek State Prison. (Doc. No. 27 at 5, Exh. 1). On January 30, 2024, it was noted that Petitioner absconded from parole, and his whereabouts were unknown. (*Id.*).

# II. APPLICABLE LAW AND ANALYSIS

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Therefore, throughout the litigation the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." *Id*. Collateral consequences are presumed where the petitioner challenges the validity of his underlying conviction. *Id*. at 7-8. However, collateral

consequences are not presumed where the petitioner challenges a disciplinary finding. *See Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) (no presumed collateral consequence from prison disciplinary proceedings). In such cases, a petitioner must demonstrate that he is suffering from collateral consequences in order to prevent his case from being rendered moot. *Id.*

Here, Petitioner was released from custody. The Petition challenges only the findings of the 2018 disciplinary hearing which resulted in a loss of 360-days good time credits. Petitioner does not argue that the findings of his disciplinary hearing will result in any current collateral consequences, and the undersigned independently cannot conceive of any collateral consequences. Indeed, in *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002), the Ninth Circuit held that a parole's habeas petition challenging the loss of good time credits stemming from a disciplinary hearing presents "would present no case or controversy because establishing the invalidity of his disciplinary proceeding could have no effect on the 360 days of additional incarceration or the 100 days of administrative segregation that resulted from it." Thus, the undersigned finds the Petition is moot and recommends it be dismissed accordingly.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be dismissed as moot.
2. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   April 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4